UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>G. BURKE, *et al.*,<br><br>　　　　　Defendants. | Case No.  2:21-cv-01415-KJM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) STAND BY HIS COMPLAINT SUBJECT TO DISMISSAL, OR<br><br>　(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

　　　Plaintiff has filed a complaint alleging that defendants denied him access to courts by refusing to grant him timely use of the prison law library.  ECF No. 1 at 4-6.  The claim is not adequately pled, however.  I will give plaintiff an opportunity to amend his complaint before recommending that it be dismissed.  I will also grant plaintiff's application to proceed *in forma pauperis*.  ECF No. 2

**Screening and Pleading Requirements**

　　　A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

1  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
7  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
9  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
10 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).
14     The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

22     As stated above, plaintiff alleges that defendants frustrated his access to the courts by
23 failing to grant him timely use of the prison law library.  Specifically, he claims that, after the
24 United States Supreme Court denied his petition for writ of certiorari on November 9, 2020, his
25 deadline for submitting a petition for rehearing was December 4, 2020.  ECF No. 1 at 6, 23-24.
26 To submit his petition for rehearing, he needed to make photocopies in the law library.  *Id.* at 6.
27 G. Burke, the librarian, invoked Covid-related restrictions and declined to allow him access to the
28 law library until the deadline for his petition for rehearing had passed.  *Id.* at 6.  With respect to

1   the other defendants, plaintiff alleges that he alerted them—either in person or via grievance
2   forms—and that they failed to act. *Id.* at 6-9.

3         Plaintiff has failed to describe the underlying claim that was frustrated and, thus, has
4   failed to state a viable access-to-courts claim. *See Christopher v. Harbury*, 536 U.S. 403, 415
5   (2002) ("Like any other element of an access claim, the underlying cause of action and its lost
6   remedy must be addressed by allegations in the complaint sufficient to give fair notice to a
7   defendant."). Here, plaintiff alleges only that the underlying cause of action relates to a section
8   1983 case he filed challenging a conviction for assault with a deadly weapon. ECF No. 1 at 4.
9   He does not, however, describe why the conviction was faulty or explain the lower courts'
10  reasons for rejecting his claims. Further, he does not explain why, in light of the apparent denial
11  of his claims at every appellate level, his petition for rehearing should be viewed as non-frivolous.
12  *Harbury*, 536 U.S. at 416 ("Hence the need for care in requiring that the predicate claim be
13  described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of
14  the underlying claim is more than hope.").

15        I will allow plaintiff a chance to amend his complaint before recommending that this
16  action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint
17  will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th
18  Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face
19  without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended
20  complaint is filed, the current complaint no longer serves any function. Therefore, in an amended
21  complaint, as in an original complaint, plaintiff will need to assert each claim and allege each
22  defendant's involvement in sufficient detail. The amended complaint should be titled "Amended
23  Complaint" and refer to the appropriate case number. If plaintiff does not file an amended
24  complaint, I will recommend that this action be dismissed.

25        Accordingly, it is ORDERED that:
26      1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.
27      2. Within thirty days from the service of this order, plaintiff must either file an
28

Amended Complaint or advise the court he wishes to stand by his current complaint.  If he selects the latter option, I will recommend that this action be dismissed.

    3.  Failure to comply with this order may result in the dismissal of this action.

    4.  The Clerk of Court is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   December 27, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4