1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ROBERT TREVINO,                          Case No.  2:21-cv-01415-KJM-JDP (PC)

11              Plaintiff,                     SCREENING ORDER THAT PLAINTIFF:

12        v.                                       (1) PROCEED ONLY WITH HIS
                                                   FIRST AMENDMENT CLAIMS
13   G. BURKE, *et al.*,                            AGAINST DEFENDANTS BURKE
                                                   AND JIMENEZ; OR
14              Defendants.
                                                   (2) DELAY SERVING ANY
15                                                 DEFENDANT AND FILE ANOTHER
                                                   AMENDED COMPLAINT
16
                                              ECF No. 16
17
                                              THIRTY-DAY DEADLINE
18

19

20

21        Plaintiff, a state prisoner, alleges that defendants violated his right to access the courts by

22   denying him law library access and timely photocopies and by mishandling his administrative

23   grievances.  ECF No. 16 at 8-11.  His allegations, liberally construed, only state cognizable First

24   Amendment claims against defendants Burke and Jimenez.  Plaintiff may either proceed with

25   only those claims or delay serving any defendant and file a second amended complaint.

26

27

28

                                              1

**Screening Order**

## I.        Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.        Analysis

Plaintiff alleges that his access to the courts was impeded when defendants denied him photocopies and law library access at the California Substance Abuse Treatment Facility.  As a result, plaintiff missed his deadline to file a writ of certiorari with the U.S. Supreme Court.  He

1    alleges that defendants Burke, the law librarian, and Jimenez, a correctional officer, were both

2    informed of both the upcoming legal deadline and plaintiff's needs, but failed to provide him with

3    the materials necessary to submit a timely filing.  These allegations are sufficient, for screening

4    purposes, to state a First Amendment claim against these defendants. [1]

5          Plaintiff's claims against defendants Smith and Moseley, both of whom are alleged only

6    to have mishandled plaintiff's administrative grievances, are non-cognizable.  There is no

7    constitutional right to any specific grievance procedure.  *See Ramirez v. Galaza*, 334 F.3d 850,

8    860 (9th Cir. 2003).

9          Plaintiff may either proceed only with his First Amendment claims against defendants

10   Burke and Jimenez or he may delay serving any defendant and file a second amended complaint.

11   If plaintiff decides to file an amended complaint, the amended complaint will supersede the

12   current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en

13   banc).  This means that the amended complaint will need to be complete on its face without

14   reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is

15   filed, the current complaint no longer serves any function.  Therefore, in an amended complaint,

16   as in an original complaint, plaintiff will need to assert each claim and allege each defendant's

17   involvement in sufficient detail.  The amended complaint should be titled "Second Amended

18   Complaint" and refer to the appropriate case number.

19          Accordingly, it is ORDERED that:

20          1.  Within thirty days from the service of this order, plaintiff either advise that he wishes

21   to proceed only with his First Amendment claims against defendants Burke and Jimenez or file an

22   amended complaint.  If he chooses to proceed only with his viable First Amendment claims, he

23   should voluntarily dismiss all other claims and parties.

24          2.  Failure to comply with this order may result in the dismissal of this action.

25          3.  The Clerk of Court is directed to send plaintiff a complaint form.

26   _____

27          [1] Plaintiff erroneously characterizes this claim as proceeding under not only the First
     Amendment but also the Fourth, Fifth, and Fourteenth.  ECF No. 16 at 3.  Denial of access to
     court claims properly proceed only under the First Amendment, however.  *See Lewis v. Casey*,
28   518 U.S. 343, 404-405 (1996).

IT IS SO ORDERED.

Dated:    June 30, 2022

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE