UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>  Plaintiff,<br><br>  v.<br><br>G. BURKE, *et al.*,<br><br>  Defendants. | Case No. 2:21-cv-01415-DJC-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO REVOKE *IN FORMA PAUPERIS* STATUS BE GRANTED<br><br>OBJECTIONS DUE IN 14 DAYS<br><br>ECF No. 29 |

Plaintiff Robert Trevino, a state prisoner, filed this action alleging that defendants violated his First Amendment right of access to the courts by failing to provide him with copying services in the law library. Now defendants have filed a motion to revoke his *in forma pauperis* status, arguing that he has accumulated at least three strikes. ECF No. 29. Plaintiff has filed an opposition, ECF No. 33, and defendants have filed a reply, ECF No. 35. After review of the pleadings, I recommend that defendants' motion be granted.

1    Under 28 U.S.C. § 1915(g), a prisoner plaintiff may not proceed *in forma pauperis* if he
2 has filed three or more cases that have been dismissed for failure to state a claim upon which
3 relief may be granted.  Such "three-strikers" must pay the filing fee unless they allege that they
4 are in imminent physical danger.  Defendants correctly argue that plaintiff has had at least three
5 cases dismissed for failure to state a claim.

6    In *Trevino v. Travers*, No. 02-15046 (9th Cir. 2002), ECF No. 30 at 41 (Ex. D),[1] plaintiff's
7 application to proceed in forma pauperis on appeal to the Ninth Circuit was rejected as not taken
8 in good faith.  Plaintiff never paid the filing fee, and his appeal was dismissed for failure to
9 prosecute.  As defendants point out, even though the dismissal was for failure to prosecute, this
10 counts as a "strike" within the meaning of § 1915(g).  *See O'Neal v. Price*, 531 F.3d 1146, 1153
11 (9th Cir. 2008) ("[A] complaint is 'dismissed' for purposes of § 1915(g) even if the district court
12 styles such dismissal as denial of the prisoner's application to file the action without prepayment
13 of the full filing fee."); *see also Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) (equating a
14 lack of "good faith" with frivolity).

15    The same happened in *Trevino v. Thomas*, No. 07-17171 (9th Cir. 2008), ECF No. 30 at 44-
16 46 (Ex. E).

17    Then, in 2010, plaintiff filed *Trevino v. Engler, et al.*, No. 10-CV-00620 (C.D. Cal. 2010)
18 and *Trevino v. Spearman*, *et al.*, No. 10-CV-03637 (C.D. Cal. 2010).  In both cases, the court
19 found that plaintiff's initial complaint failed to state a cognizable claim and gave him leave to
20 amend; he did not avail himself of that opportunity in either case and both cases were dismissed
21 on that basis.  ECF No. 30 at 52-58 (Ex. F); 68-72 (Ex. G).  Such dismissals amount to strikes.
22 *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[D]istrict courts may routinely give
23 pro se plaintiffs opportunities to amend their complaints regardless of how meritless their claims
24 may appear.  A prisoner may not avoid incurring strikes simply by declining to take advantage of

---

[1] Defendants ask that I take judicial notice of the case documents associated with plaintiff's strikes.  I will do so.  *See Rey'n Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (a court may take judicial notice of court documents).

these opportunities to amend.").

For his part, plaintiff has not offered any argument that these cases did not constitute strikes. Instead, he argues that he should be permitted to proceed *in forma pauperis* under the imminent danger exception. ECF No. 33 at 1-2. In support, he cites to alleged instances when prison officials retaliated against him for his litigiousness. Plaintiff argues that, in 2004 and 2022, he was assaulted by other inmates in what he believes were orchestrated attacks. *Id.* at 2. In 2021, an officer fabricated information that damaged his parole chances. *Id.* at 3. These assertions do not allow plaintiff to benefit from the exception, however, because they do not bear any nexus to the claims at issue in this case. Succeeding on the claims here, which concern adequate access to the law library and its resources, would provide no redress for these new allegations. *See Ray v. Lara*, 31 F.4th 692, 701 (9th Cir. 2022) (adopting Second Circuit nexus test directing courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury").

Accordingly, it is RECOMMENDED that defendants' motion to revoke in forma pauperis status, ECF No. 29, be GRANTED, and that plaintiff be directed to tender the full filing fee within twenty-one days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   April 24, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4