UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>Plaintiff,<br><br>v.<br><br>G. BURKE, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-01415-DJC-JDP (PC)<br><br>**ORDER**<br><br>GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART<br><br>ECF No. 55<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT PLAINTIFF'S MOTIONS TO AMEND COMPLAINT BE DENIED<br><br>ECF Nos. 52 & 57<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Pending are plaintiff's motion to compel, ECF No. 55, and two motions to amend the complaint, ECF Nos. 52 & 57. For the reasons stated below, I will grant the motion to compel in part and recommend that the motions to amend be denied.

**I.      Motion to Compel**

In a disorganized and difficult-to-understand motion, plaintiff appears to attack the sufficiency of several discovery responses that defendants have provided to his interrogatories, requests for production of documents, and requests for admission. ECF No. 55. Defendants have filed an opposition, ECF No. 56, and plaintiff has declined to a file a reply. This motion will be granted

1

1 in part.

2       Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981) ("[O]bjections should be plain enough and specific enough so that the court can understand in what way the interrogatories are alleged to be objectionable."). A responding party typically is not required to conduct extensive research to answer an interrogatory, but reasonable efforts must be undertaken. *L.H. v. Schwarzenegger*, No. S-06-2042-LKK-GGH, 2007 U.S. Dist. LEXIS 73752, 2007 WL 2781132, *2 (E.D. Cal. 2007). Further, the responding party has a duty to supplement any responses if the information sought is later obtained or if the response provided needs correction. Fed. R. Civ. P. 26(e)(1)(A).

      As an initial matter, defendants correctly note that parties are encouraged to meet and confer as to their discovery disputes before filing a motion to compel. Plaintiff has failed to do so, and, while I will not deny his motion on that basis, he is encouraged to confer before filing any future motions. There are seven discovery requests at issue in the motion to compel: three interrogatories, two requests for production, and two requests for admission. I consider each in turn.

### A.   Interrogatories

The first interrogatory (number four in the set) at issue asks defendant Jimenez-Garcia:

> Is there a prison-yard-camera posted on the roof of 1-block, approximately ten (10) yards from the prison law library?

Defendant Jimenez-Garcia responded:

> Defendant objects to this interrogatory on the grounds that: (1) it is vague and ambiguous as to the undefined term "prison-yard-camera" and "ten (10) yards from the law library," causing Defendant to speculate as to meaning; (2) it is not proportional to the needs of the case, considering the importance of the issues at stake; (3) it is impermissibly compound; and (4) it is vague and overly broad as to the applicable time period because no time period is identified.
>
> Subject to, and without waiving these objections, and further interpreting this interrogatory to refer to the location of a surveillance camera on the roof of Housing Unit 1, on Facility D at

2

>>the Substance Abuse Treatment Facility and State Prison (SATF)
>>during the times relevant to the First Amended Complaint,
>>Defendant responds as follows:
>
>>I do not know.

ECF No. 55 at 14-15; ECF No. 56 at 5. This response is adequate. Jimenez-Garcia states that he does not know, and I cannot compel him to divulge information he does not have.

>The second interrogatory (number thirteen in the set) asks defendant Jimenez-Garcia:
>
>>According to the authority cited under CCR Title 15 § 3162(d) the Warden and the D-Yard Correctional Captain have the over-all responsibility to delegate the lower level prison employees to provide adequate duplicating services, especially when they are needed to meet their legal dead-lines, is this correct?
>
>Defendant Jimenez-Garcia responded:
>
>>Defendant objects to this request on the grounds that: (1) it is impermissibly compound; (2) it is vague and ambiguous in its entirety, causing Defendant to speculate as to meaning; (3) it is not proportional to the needs of the case, considering the importance of the issues at stake; (4) it is an incomplete hypothetical; and (5) it seeks a response to an incomplete hypothetical.
>>
>>Based on these objections Defendant cannot respond to this interrogatory as currently phrased.

ECF No. 55 at 16; ECF No. 56 at 5-6. Crucially, plaintiff's motion indicates that he seeks to compel defendants to provide only the names of the warden and correctional captain mentioned in the interrogatory. ECF No. 55 at 16 (written on the margin of the page is "compel names"). The interrogatory did not ask after the identity of these individuals, and I decline to compel information that was not put at issue in the first instance.

>The third interrogatory at issue (number fifteen in the set) asks defendant Jimenez-Garcia:
>
>>According to item #19[] above produce the name of the Warden of CSAT-F (From 11/2020); the name of the D-facility Captain of CSAT-F (from 11/2020); the names of the CCI and CCII Appeals Coordinators, who returned the "Acknowledgment form dated 12-9-2020 (Exhibit V) Log No. 64533. And name the supervising law librarian of CSAT-F (from 11/2020).
>
>Defendant Jimenez-Garcia responded:
>
>>Defendant objects to this request on the grounds that: (1) it is impermissibly compound; (2) it is not proportional to the needs of the case, considering the importance of the issues at stake; (3) it is vague and ambiguous as to the term "According to item #19

3

above," causing Defendant to speculate as to its meaning; (4) it
seeks information regarding individuals previously dismissed from
this lawsuit; and (5) the information sought is equally available to
Plaintiff.

Based on these objections, Defendant will not provide a response.

ECF No. 55 at 17; ECF No. 56 at 6.  I agree with defendants that the wording "according to item According to item #19" is vague and ambiguous.  The interrogatory as a whole is compound and, in referencing various external documents, difficult to understand.  Accordingly, I find that it would be more appropriate to rephrase and resubmit this interrogatory than to require defendants to guess at its meaning.

### B.     Requests for Production

The first request for production at issue (number nine in the set) seeks:

> State the duties of the Facility Captain in relation to CCR Title 15
> § 3162(d), and the overall operations of D-Yard, especifically
> assuring that prisoners are provided the necessary duplicating
> services.  If those duties are set forth in any other job description
> such as O.P. (Operational Procedures) or DOM (Department
> Operations Manual) policies, procedures, produce the document,
> and produce the name of the Facility Captain (D-Yard) at California
> Substante Abuse, Treatment Facility (CSAT-F) during the alleged
> deprivation of Nov/2020.

Defendants responded:

> Defendants object to this request on the grounds that: (1) it is
> impermissibly compound; (2) it lacks foundation because it
> assumes facts which are in dispute and for which there is no
> supporting evidence; (3) it is not proportional to the needs of the
> case, considering the importance of the issues at stake; (4) it is
> argumentative; and (5) it is an improper request for production,
> insofar as it seeks information and not a specific document.
>
> Based on these objections, Defendants cannot respond to this
> request as currently phrased.

ECF No. 55 at 12; ECF No. 56 at 7.  As defendants point out in their opposition, the facility captain is not a defendant in this case, and plaintiff has not explained why either his or her identity or responsibilities is relevant.  However, the scope of discovery is broad, and I cannot say that the information requested in this interrogatory could not lead to the discovery of admissible evidence.  *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005)

4

("Relevant information for purposes of discovery is information reasonably calculated to lead to the discovery of admissible evidence.") (internal quotation marks omitted).  And none of defendants' other, boiler objections are convincing.  The request is poorly worded, but comprehensible.  Defendants shall supplement their responses to answer this request for production.

The second request for production (number ten in the set) seeks:

> State the procedure in effect during November 20-20, at CSAT-F for responding to investigating and deciding inmate grievances. Specifically in terms of providing adequate access to duplicating services per (CCR Title § 3162(d)[)], including the supervisor review of those who are not provided such request and then is documented in a 128B, as directed under CCR Title § 3162(d). Therefore, produce the names of CCI (Appeals Coordinator), CCII (Supervising Appeals Coordinator) and Supervising Law Librarian. If those procedures are set forth in any directive, manual or other document, produce the document.

Defendants responded:

> Defendants object to this request on the grounds that: (1) it is impermissibly compound; (2) it lacks foundation because it assumes facts which are in dispute and for which there is no supporting evidence; (3) it is not proportional to the needs of the case, considering the importance of the issues at stake; (4) it is argumentative; (5) it is unintelligible as drafted; and (6) it is an improper request for production, insofar as it seeks information and not a specific document.
>
> Based on these objections, Defendants cannot respond to this request as currently phrased.

ECF No. 55 at 12-13; ECF No. 56 at 8.  I agree with defendants' contention that this request is difficult to understand and appears to seek information that lacks relevance.  I do not understand what "including the supervisor review of those who are not provided such request and then is documented in a 128B, as directed under CCR Title § 3162(d)" means or what documents it seeks.  Additionally, plaintiff has not explained why information related to the prison grievance procedure, to which no federal rights attach, is relevant.  I decline to order defendants to supplement their response.

### C.     Requests for Admission

Plaintiff has filed two requests for admission (numbers three and twenty in the set), the

5

1 first seeking to have defendants admit that the yard captain and warden each had overall

2 responsibility for ensuring that defendant Burke, the law librarian, would provide adequate

3 service. ECF No. 56 at 8. Defendants offer a range of boiler objections, but ultimately argue that

4 they should not be required to respond because this request is plaintiff's "hook" for drawing these

5 two individuals into his lawsuit. *Id.* at 9. That may be but, again, the scope of discovery is broad,

6 and the question of what individuals had supervisory authority of defendant Burke is not outside

7 the bounds of relevance. Defendants shall supplement their responses to admit or deny this

8 request for admission.

9       The second request for admission seeks the names of two appeals coordinators, *id.* at 9,

10 and, as such, is inappropriate. A request for admission must be capable of being answered with a

11 simple admission or denial; they are not devices for discovering specific information. *See Misco,*

12 *Inc. v. United States Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) ("Requests for admissions are

13 not a general discovery device.").

14       **D.**    **Conclusion**

15       Accordingly, plaintiff's motion to compel shall be granted in part. Defendants shall

16 supplement their response to request for production number nine and request for admission

17 number three. The motion is denied in all other respects.

18       **II.**    **Motions to Amend**

19       Plaintiff has filed two motions to amend, ECF Nos. 52 & 57, the latter accompanied by an

20 amended complaint, ECF No. 59. Accordingly, I find it unnecessary to consider the first motion

21 insofar as it has been superseded by the second. After review of the proposed amended

22 complaint, I find that leave to amend should be denied because plaintiff's proposed complaint

23 could not proceed past screening and is, therefore, futile. *See Moore v. Kayport Package Exp,*

24 *Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as

25 amended, is subject to dismissal.").

26       Here, plaintiff's complaint runs sixty-two pages in length, excluding exhibits (with which

27 it runs one hundred thirty pages) is not a short and plain statement of a claims as contemplated by

28 Rule 8. The complaint begins with misconduct by an attorney, Z. Desta, who allegedly

1 participated in a conspiracy to frustrate plaintiff's litigation in a separate case. ECF No. 59 at 17-
2 18. He alleges that Desta falsified documents and made false statements to the court, but I can
3 glean no specifics about the alleged misconduct or how, if at all, it bears on the claims at issue in
4 this case. *Id.* at 22. Plaintiff appears to suggest that Desta framed him for crimes he did not
5 conduct, an allegation that sounds in habeas rather than section 1983. *Id.* The only discernable
6 link between Desta's alleged misconduct and the claims at issue is a thinly pled conspiracy
7 between the various defendants. *Id.* at 22-24.

8 Elsewhere in the lengthy, meandering complaint, plaintiff alleges that correctional officers
9 worked to frame him, *id.* at 26; an appeals coordinator interfered with his access to the courts by
10 misrepresenting the date on which the relevant office received a grievance, *id.* at 30; and
11 plaintiff's own attorney, A. Colella, either purposefully or negligently mishandled his case, *id.* at
12 34-35. These are not the only allegations raised, but rather a sample of the jumbled and confusing
13 nature of the new case plaintiff seeks to bring. This complaint cannot be reasonably parsed, let
14 alone appropriately served on any defendant. The Ninth Circuit has emphasized the importance
15 of plain and concise pleading. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir.
16 2000) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined,
17 discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer,
18 and society loses confidence in the court's ability to administer justice.") (internal quotation
19 marks omitted) (quoting *Anderson v. District Bd. of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996)).
20 Accordingly, I recommend that plaintiff's motion to amend be denied without prejudice.

21 Based on the foregoing it is hereby ORDERED that plaintiff's motion to compel, ECF No.
22 55, is GRANTED in part. Defendants are directed to supplement their responses to request for
23 production number nine and request for admission number three. The motion is denied in all
24 other respects.

25 Further it is RECOMMENDED that plaintiff's motions to amend, ECF Nos. 52 & 57, be
26 DENIED without prejudice for the reasons stated above.

27 These findings and recommendations are submitted to the United States District Judge
28 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   January 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

8