UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>    Plaintiff,<br><br>    v.<br><br>G. BURKE, *et al.*,<br><br>    Defendants. | Case No. 2:21-cv-01415-DJC-JDP (PC)<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MOTION TO STAY DISCOVERY, MOTION TO STAY AND REQUEST FOR EVIDENTIARY HEARING, REQUEST FOR SUBPOENA, MOTION TO CONDUCT FURTHER DISCOVERY, AND REQUEST FOR RULING, AND GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE A LATE ANSWER<br><br>ECF Nos. 61, 64, 72, 74, 75, & 78<br><br>**FINDINGS AND RECOMMENDATIONS**<br><br>THAT DEFENDANT BURKE'S MOTION TO DISMISS BE GRANTED<br><br>ECF No. 62 |

   Plaintiff brings this action alleging that defendants Burke and Jimenez violated his First Amendment right to access the courts. Pending are plaintiff's motion to stay discovery, motion to stay and request for evidentiary hearing, request for issuance of subpoena, motion for leave to conduct further discovery, and request for ruling. ECF Nos. 61, 72, 74, 75, & 78. Also pending are defendants' motion to file a late answer and motion to dismiss defendant Burke. ECF Nos. 62

& 64. For the reasons stated hereafter, plaintiff's motions are denied, defendants' motion to file a late answer is granted, and I recommend that defendant Burke's motion to dismiss be granted.

## Motion to Stay Discovery

Plaintiff has filed a motion seeking to stay discovery in light of his second amended complaint, ECF No. 59, which sought to add new claims and defendants. ECF No. 61. I have already considered the second amended complaint and the motions for leave to amend and recommended that they be denied as futile. ECF No. 60. Those recommendations were adopted by the district judge, ECF No. 69, and a stay based on the second amended complaint is, accordingly, unwarranted. This motion is denied.

## Motion for Leave to File a Late Answer

Defendants have moved to file a late answer to plaintiff's complaint, ECF No. 64, stating that current counsel mistakenly believed that prior counsel had answered the complaint. *Id.* at 2. They contend that plaintiff will not be prejudiced by the late answer. Plaintiff has opposed the motion, ECF No. 70, but his argument that he has been prejudiced is unavailing. He argues that the failure to file a timely answer prejudiced his discovery efforts, but I cannot follow his arguments on this point. He references the prison administrative remedy process and contends that a defendant "held back the [second] page" of his exhausted remedies, thereby violating the discovery process. *Id.* at 6. Even if this is true, I can draw no connection between that withholding and the lateness of defendants' answer. Accordingly, I will grant defendants' motion and direct them to file an answer within fourteen days of this order's entry.

## Motion to Stay and for Evidentiary Hearing

Plaintiff has filed a second motion to stay the case and for an evidentiary hearing, arguing that such a proceeding is necessary to resolve the question of whether he exhausted his administrative remedies, whether defendants should be allowed to file a late answer, and whether he should be permitted to file a second amended complaint. ECF No. 72. I disagree. As to whether he exhausted his administrative remedies, defendants have not yet moved to dismiss any claim on that basis. I can consider that issue and, if necessary, hold a hearing when and if they

1  do. I have already found that leave to file a late answer is warranted for the reasons explained
2  above. Finally, I have already deemed the second amended complaint futile. Accordingly, this
3  motion is denied.

Request for Issuance of Subpoena

5  Plaintiff seeks to subpoena surveillance camera footage from defendant Garcia. ECF No.
6  74 at 4-9. He claims that Garcia gave an evasive response when he claimed not to know whether
7  camera footage of an encounter between plaintiff and defendant Burke. *Id.* at 2. This request will
8  be denied because a subpoena is not an appropriate method of requesting documents from a party
9  to the case. *See Slama v. City of Madera*, NO. 1:08-cv-00810-AWI-SKO, 2011 U.S. Dist. LEXIS
10 140477, *5 (E.D. Cal. Dec. 7, 2011) ("Plaintiff's Rule 45 request is improper. Subpoenas are not
11 the proper method by which to seek information from an opposing party."). Rather, a Rule 45
12 subpoena should be directed to non-parties for information that cannot be readily obtained from a
13 party to the case. *See Conroy v. Centurion*, No. CV-21-0685-PHX-DJH (DMF), 2022 U.S. Dist.
14 LEXIS 246955, *4 (D. Ariz. Feb. 8, 2022) ("The discovery of documents from a party is not
15 accomplished pursuant to Rule 45, which governs discovery of documents in the possession,
16 custody and/or control of non-parties . . . ."). In light of this ruling, plaintiff's request for ruling
17 on this motion, ECF No. 78, is also denied.

Motion for Leave to Conduct Further Discovery

19 Finally, plaintiff seeks leave to conduct additional discovery. ECF No. 75. He argues that
20 he labored under the impression that he would be granted leave to file his second amended
21 complaint and, thereby, would have additional time to conduct discovery. *Id.* at 2. Now, with
22 discovery having closed in February 2024 under my scheduling order, he seeks to various items
23 of additional discovery. This motion is denied. First, plaintiff should not have assumed that his
24 motion for leave to amend would be granted. While leave to amend is often given, reliance
25 thereon is not a valid excuse for failing to exercise due diligence in the litigation process.
26 Second, plaintiff had notice of my recommendation that his second amended complaint be
27 rejected as futile in January 2024, ECF No. 60, and could have moved to seek this additional
28 discovery then or, at the very least, shortly after the close of discovery in February 2024. Instead,

3

1  he brought this motion in April 2024. ECF No. 75. Thus, I find that he has failed to show good

2  cause for reopening discovery. *See Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015)

3  ("To reopen discovery, Sheridan was required to show good cause, which in turn requires a

4  showing of diligence.").

Motion to Dismiss

6  Defendants have moved to dismiss G. Burke from this action noting that, sadly, this

7  defendant passed away in May 2023. ECF Nos. 53 & 62 at 2. Under Rule 25(a):

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

12  Defendants contend that the ninety-day limit for substituting a successor or representative for G.

13  Burke expired on January 19, 2024. ECF No. 62 at 3. Plaintiff never moved to substitute a

14  successor or representative after the notice of death in October 2023. In his opposition to the

15  motion to dismiss, he contends that he failed to do so because defendants frustrated his efforts to

16  learn the identity of the supervising law librarian. ECF No. 67 at 2. This argument is

17  unpersuasive because, even if plaintiff had learned the supervisor's name, he or she would not be

18  a successor or representative for Burke. At best, they would be a separate defendant in this suit

19  against whom separate claims are brought. And there is, as defendants point out, no *respondeat*

20  *superior* liability in a section 1983 action. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

21  1989).

22  Accordingly, I recommend that defendant Burke be dismissed from this lawsuit.

Conclusion

24  Accordingly, it is ORDERED that:

25  1.  Plaintiff's motions to stay discovery, ECF No. 61, motion to stay, ECF No. 72,

26  request for issuance of a subpoena, ECF No. 74, motion for leave to conduct further discovery,

27  ECF No. 75, and request for ruling, ECF No. 78, are DENIED.

28  2.  Defendants' motion to file a late answer, ECF No. 64, is GRANTED and their

4

1 answer should be filed within fourteen days of this order's entry.

2 Further, it is RECOMMENDED that defendant Burke's motion to dismiss, ECF No. 62,
3 be GRANTED and all claims against this defendant be dismissed.

4 These findings and recommendations are submitted to the United States District Judge
5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
6 after being served with these findings and recommendations, any party may file written
7 objections with the court and serve a copy on all parties.  Such a document should be captioned
8 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
9 objections shall be served and filed within fourteen days after service of the objections.  The
10 parties are advised that failure to file objections within the specified time may waive the right to
11 appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez*
12 *v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 4, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5