UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO, | Case No. 2:21-cv-1415-DC-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| J. JIMENEZ, | |
| Defendant. | |

Plaintiff brought this case alleging that defendants Burke and Jimenez violated his First Amendment right to access the courts. On October 19, 2023, defendants counsel filed a notice of suggestion of death as to defendant Burke. ECF No. 53. On January 17, 2024, and, after the time limit for substituting a successor or representative expired, I recommended that the claims against Burke be dismissed. ECF No. 79 at 4. Those recommendations were adopted by the district judge. ECF No. 84.

Plaintiff has filed two motions for extension of time to file an opposition to the motion for summary judgment. ECF Nos. 88 & 95. He has also filed two motions to stay this action. ECF Nos. 90 & 91.[1] The first of these argues that the case should be stayed because prison officials

---

[1] Also pending are defendant's motion for summary judgment and motion to modify the scheduling order. ECF Nos. 85 & 87. The motion for summary judgment is not yet ripe and will

1

confiscated his legal documents.  ECF No. 90 at 1-2.  The second argues that the motion should be stayed to allow him to submit defendant Burke's next of kin.  ECF No. 91 at 1-2.  Plaintiff's second motion for extension of time will be granted in part; his other motions are, for the reasons stated below, denied.

### Motions for Extension of Time

Plaintiff's second motion for extension of time will be granted in part.  This motion, which seeks a ninety-day extension to file an opposition to the pending motion for summary judgment, ECF No. 95, overrides his first request for a sixty-day extension, ECF No. 88.  Ninety days is excessive, however.  Plaintiff shall have thirty days from the date of this order's entry to submit his opposition.  If more time proves necessary as the deadline approaches, plaintiff may file another motion for a reasonable extension.  I note that much of the second motion for extension of time is devoted to arguments as to why plaintiff should be able to substitute a successor for defendant Burke.  Those arguments are rejected for the reasons discussed below in relation to his second motion to stay.

### Motions to Stay

Plaintiff's first motion to stay, ECF No. 90, appears resolved.  Therein, plaintiff states that prison officials have confiscated certain legal materials that he needs to prosecute this action.  *Id.* at 1-2. Defendant responded to that motion and stated that he had provided plaintiff with most of the documents he sought to have returned, save for a copy of the deposition transcript.  ECF No. 92. Plaintiff did not file a reply disputing that statement or otherwise arguing that the documents provided were inadequate to continue litigating.  In his second motion for extension of time, plaintiff does state that he received all the requested documents, save for the deposition and a copy of his first amended complaint.  ECF No. 95 at 2.  Plaintiff was given information for obtaining a copy of the deposition from the court reporter in defendant's opposition, ECF No. 92 at 2. As to the amended complaint, plaintiff should be aware of its contents insofar as he was its

---

be ruled on later.  Defendant's motion to modify the scheduling order which seeks, if necessary, a deadline for a non-exhaustion, merits based dispositive motion will also be ruled on at the time of the pending summary judgment motion.

1 drafter. If he cannot recall some specific information therein that weighs on the issue of
2 exhaustion, he may state as much in his opposition, and I will grant a degree of leniency on the
3 specifics of that point in considering defendant's motion.

4     Plaintiff's second motion to stay argues that this action should be stayed so that he may
5 substitute a successor for defendant Burke who, as noted above, is deceased. ECF No. 91. That
6 issue was resolved when, on June 5, 2024, I determined that the deadline for substitution had
7 expired without plaintiff identifying a representative or successor. ECF No. 79. The dismissal of
8 claims against Burke was adopted on July 12, 2024. ECF No. 84. Accordingly, those claims are
9 no longer active and may not be redirected at a substitute. The deadline for filing an amended
10 complaint passed in February of this year. ECF No. 49 at 5. And the deadline for discovery has
11 passed and a motion for summary judgment is pending. Allowing plaintiff to revive his claims
12 against defendant Burke's successor when it was his responsibility, and failure, to comply with
13 the deadline in Rule 25(a) makes little sense in terms of equity or employment of judicial
14 resources. His second motion for stay is denied.

15     Accordingly, it is ORDERED that:

16     1. Plaintiff's motion for extension of time, ECF No. 95, is GRANTED in part and he
17 shall have thirty days from the date of this order to file an opposition to defendant's motion for
18 summary judgment, ECF No. 85. That motion is denied in all other respects.

19     2. Plaintiff's motions for extension of time and to stay, ECF Nos. 88, 90, & 91, are
20 DENIED.

IT IS SO ORDERED.

Dated:   November 5, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE