UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

Plaintiff,

v.

J. JIMENEZ,

Defendant.

Case No. 2:21-cv-1415-DC-JDP (P)

ORDER; FINDINGS AND RECOMMENDATIONS

Plaintiff brought this case alleging that defendants Burke and Jimenez violated his First Amendment right to access the courts. Pending are plaintiff's motion to appoint counsel, ECF No. 98, and motion to stay, ECF No. 99. For the reasons stated hereafter, plaintiff's motion to appoint counsel is denied, and I recommend that his motion to stay, which I construe as a motion for reconsideration, be denied.

**Motion to Appoint Counsel**

Plaintiff argues that his imprisonment and lack of knowledge of the law limit his ability to litigate effectively. ECF No. 98 at 1. He also contends that his claims are potentially meritorious and that being appointed counsel would make a difference in the outcome. *Id.* Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent him. *See*

*Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted). Here, the factors do not weigh in favor of appointing counsel. Plaintiff's contention that his imprisonment makes litigation difficult and that being appointed counsel would improve his odds of success are not unique to this prisoner case. Nearly all *pro se* inmate litigants request counsel and make similar arguments. Here, plaintiff seems capable of representing himself and his allegations are not especially complex. His motion is denied.

**Motion to Stay**

Plaintiff's motion to stay is properly construed as a motion for reconsideration under Federal Rule of Civil Procedure 60(b). In his motion, he argues that I have frustrated his ability to litigate this case by: (1) denying his motion to compel; (2) refusing to issue him a subpoena; (3) denying his motion to amend; and (4) denying his late motion to substitute a successor for defendant Burke, who passed away. ECF No. 99 at 1-2. The substance of his motion, however, focuses on my denial of his motion to substitute. "Rule 60(b) provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. LI, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Plaintiff's motion fails to make a showing of any of these elements. He argues that "extraordinary circumstances" are present because Burke passed away and he made good-faith efforts to substitute a successor. ECF No. 99 at 4. These arguments are duplicative of ones that I have previously rejected and, thus, do not weigh in favor of reconsideration. *See* ECF Nos. 81 at 20 (arguing he was unaware of Federal Rule of Civil

Procedure 25) & 91 at 4 (arguing that he is a layman and should be afforded flexibility in substitution). A motion for reconsideration should not be used to re-assess arguments that have already been raised and rejected. *See United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) ("A party seeking reconsideration [under Rule 60(b)] must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.") (internal quotations and citation omitted). Absent any showing of the required elements, this motion should be denied.

**Extension of Time to Respond to Defendant's Motion for Summary Judgment**

Given that I am recommending that substitution be denied, it follows that plaintiff's request to conduct additional discovery upon substitution, ECF No. 99 at 13, should also be rejected. Plaintiff should be directed to submit his opposition to the pending motion for summary judgment within fourteen days of any order adopting these recommendations.

Accordingly, it is ORDERED that plaintiff's motion to appoint counsel, ECF No. 98, is DENIED.

Further, it is RECOMMENDED that plaintiff's motion to stay, ECF No. 99, be DENIED and he be directed to submit an opposition to the pending motion for summary judgment, ECF No. 85, within fourteen days of any order adopting these recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: April 16, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE