UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO, | Case No.  2:21-cv-1415-DC-JDP (P) |
| Plaintiff, | |
| v. | ORDER |
| J. JIMENEZ, *et al.*, | |
| Defendants. | |

Plaintiff moved to voluntarily dismiss this action on June 30, 2025.  ECF No. 110.  On July 7, 2025, defendants indicated that they did not oppose the voluntary dismissal, ECF No. 111, and the case was closed that day, ECF No. 112.  Four months later, in November 2025, plaintiff filed a motion to reinstate this case, ECF No. 113, stating that he had reconsidered his voluntary dismissal insofar as it was predicated on retaliation by correctional staff and he "thought it best not to allow the intimidation of the [California Department of Corrections and Rehabilitation] to be the reason [for] dropping the case."  *Id.* at 2.  Defendants have opposed the motion to reinstate, ECF No. 117, and argue that this court lacks jurisdiction to reopen this case, and that, if plaintiff wishes to pursue his claims, he must do so by filing a new case.  *Id.* at 2-3.

I agree that the proper procedure where, as here, plaintiff has voluntarily dismissed his claims without prejudice, is to file a new action.  *See Smith v. Shasta Cnty.*, No. 20-cv-1837-

1

KJM-DMC, 2021 U.S. Dist. LEXIS 70604, at *1-2 (E.D. Cal. Apr. 12, 2021) ("To reopen a case that has been voluntarily dismissed without prejudice under Fed. R. Civ. P. 41(a), it appears the proper course of action is to file a new complaint, not move to reopen the prior action."); *Williams v. Kings Cnty. Dist. Attorney's Office*, No. 1:18-cv-00416-ADA-SKO, 2023 U.S. Dist. LEXIS 106379, *2 (E.D. Cal. Jun. 16, 2023) ("Therefore, when Plaintiff filed the notice of voluntary dismissal pursuant to Rule 41(a)(1) on July 12, 2018, the case was terminated and this Court was divested of jurisdiction over Plaintiff's case.  As plaintiff voluntarily dismissed his complaint without prejudice, he is free to file a new complaint with the allegations set forth in his 'Motion-Re-Open Case.'").  As a matter of judicial economy, it makes sense to require claimants who voluntarily dismiss their claims to file new cases, with a clean slate, rather than to close and reopen cases at will, depriving both the court and opposing parties of finality in a particular action.

Accordingly, it is ORDERED that plaintiff's motion to reinstate case, ECF No. 113, is DENIED.  If plaintiff wishes to pursue his claims, he may file a new case.

IT IS SO ORDERED.

Dated:    March 17, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE