UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

            Plaintiff,

    v.

J. JIMENEZ, *et al.*,

            Defendants.

Case No.  2:21-cv-1415-DC-JDP (P)

FINDINGS AND RECOMMENDATIONS

Plaintiff moved to voluntarily dismiss this action under Rule 41(a) on June 30, 2025.  ECF No. 110.  On July 7, 2025, defendants filed a statement of non-opposition, ECF No. 111, and the case was closed that day, ECF No. 112.  Four months later, plaintiff moved to reopen the case, ECF No. 113, arguing that his voluntary dismissal had been predicated on retaliation by correctional staff and he now thought it best not to be intimidated.  *Id.* at 2.  I denied that motion, noting that plaintiff's dismissal under Rule 41(a) rendered reopening procedurally improper; if plaintiff still wished to pursue his claims, he was required to file a new case.  ECF No. 121.  Undeterred, plaintiff has now filed a motion pursuant to Rule 60(b) seeking to reopen the case.  ECF No. 122.  That motion has been referred to me, ECF No. 123, and should be denied.

As I explained before, plaintiff's voluntary dismissal under Rule 41(a) precludes reopening this case.  *See Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049

1

(9th Cir. 2001) ("The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.") (internal quotation marks and citations omitted).  Other courts in this circuit have denied Rule 60(b) motions on this basis.  *See Allen v. Summit*, No. 1:23-cv-01549-SAB, 2025 U.S. Dist. LEXIS 260014, *4-5 (E.D. Cal. Dec. 16, 2025) ("Although Plaintiff informed the Court and opposing counsel that he wished to withdraw his voluntary notice of dismissal, a dismissal under Rule 41(a)(1) becomes effective upon filing. Accordingly, because Plaintiff's notice of voluntary dismissal divested the Court of jurisdiction, the motion to reopen must be denied.").

Moreover, even if the foregoing was no impediment to reopening, plaintiff has failed to show that relief under 60(b) is appropriate.  To succeed, he must show one of the following elements:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud . . ., misrepresentation, or misconduct by an opposing party;

(4) The judgment is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  He has failed to do so.  Plaintiff's motion is primarily a poorly organized summation of case law, that does not meaningfully discuss these elements or apply them to his circumstances.  As best I can tell, he is arguing that correctional staff's retaliation, including a physical attack on his person by other inmates that staff failed to prevent, chilled his protected conduct and influenced his decision to dismiss this action.  ECF No. 113 at 1-3. [1]  Plaintiff does

---

[1] The incidents of "retaliation" are not well described in the motion at hand and, thus, I am forced to refer to his previous motion to reinstate where they are explained more cogently.

2

not appear to allege, however, that either of the two named defendants in this case were behind the retaliation. Thus, there is no alleged "misconduct" by an opposing party.[2] The question then, is whether plaintiff's allegations of general misconduct by other prison staff are a reason that justifies relief. I find that they are not. First, plaintiff has provided no evidence or coherent argument suggesting that the incidents that befell him in prison were retaliation for litigating this or any other case. Second, plaintiff has done little to explain the specifics of his change of heart and why he allowed four months to pass after his voluntary dismissal before moving to reopen this case. *Mester v. Vilaysanie*, NO. 1:07-cv-00797-OWW-YNP PC, 2010 U.S. Dist. LEXIS 12352, *4-5 (E.D. Cal. Feb. 12, 2010) ("Further, Plaintiff makes no effort to explain why he was allegedly coerced to voluntarily dismiss this action on May 7, 2009, yet less than two weeks later, on May 18, 2009, Plaintiff apparently had a change-of-heart and moved to reopen this action. Plaintiff does no[t] explain whether this unusual change-of-heart was due to changed circumstances, whether prison officials stopped retaliating against him, or whether there is any other explanation for the apparent inconsistency."). Absent some clear connective tissue between this case and the various unrelated misfortunes that allegedly befell plaintiff in prison, I find that he has failed to show that he is entitled to relief under Rule 60(b). To hold otherwise would permit prisoner plaintiffs to put cases into stasis whenever they are faced with unrelated adversity in prison, and to reactivate them when their situations have improved. While this is an understandable desire and no doubt would be convenient for some prisoner litigants, it puts the court and opposing parties in the impossible position of never knowing when a voluntary dismissal is, in fact, a claimant's final word on whether he wishes to litigate his claims.

Accordingly, I RECOMMEND that plaintiff's Rule 60(b)(6) motion to reopen, ECF No. 122, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the

---

[2] I recognize that plaintiff has labeled his motion as proceeding under Rule 60(b)(6) and, thus, may be implicitly conceding that the instant defendants did not commit any misconduct.

court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:     April 21, 2026      _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE